# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DAWN R. MORRIS | : | Case No. 1:11-cv-880 |
| Plaintiff, | : | Judge Beckwith |
| | : | Magistrate Litkovitz |
| v. | : | |
| ONCOLOGY/HEMATOLOGY CARE, INC. | : | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | : | |

Counsel for the parties agree as stated herein on conditions for the production of all confidential information. Counsel have further agreed that their agreement may be entered by the Court.

1. "Confidential Material" as used in this Protective Order means documents and information (including deposition testimony) produced by any party or witness in the course of discovery which consists of and/or includes Defendant's confidential or proprietary business and financial information, Plaintiff's medical, financial, and personal information, and all other information designated by the producing party as confidential. Designation of confidentiality shall be made on documents by marking on the face of each document the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or by so designating a file or box containing such documents. Any such documents already produced shall be automatically deemed confidential material without further designation. Duplicate copies of documents or transcripts so designated shall be deemed confidential. Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to opposing counsel within fourteen days of receipt of the transcript or entry of this Order, whichever is later. Such designation must identify with

reasonable particularity the testimony that is to be designated as confidential. A party may challenge a confidentiality designation at any time by filing a motion with the Court.

2. This Protective Order does not restrict the parties as to the procedures to be employed at trial for handling Confidential Material, nor does it affect any party's right to assert that in camera review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at hearing regarding Confidential Material.

3. The provisions of this Order shall not affect the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate Order or agreement. In addition, nothing herein shall be construed as making any particular information or document discoverable in this action which might otherwise be objectionable.

4. All Confidential Material provided by any party or witness shall be used solely for the prosecution or defense of this action and shall not be disclosed in any manner to anyone other than the parties or the law firms of record for the parties herein and legal assistants or other regular law firm employees who are involved in the prosecution or defense of this action. Counsel shall instruct all such persons to themselves maintain the confidentiality of Confidential Material pursuant to the terms of this Protective Order, and shall furnish to all such persons a copy of this Order.

5. In the event that Plaintiff or Defendant intends to include any document or information designated as "Confidential" or "Subject to Productive Order" in any filing with the Court, counsel for such party shall serve on all parties, a notice that the documents are, or are claimed to be, subject to this Protective Order, at least seven (7) days prior to filing or submitting such documents to the Clerk. Any party may move that any document – with the exception of

motions, memoranda, or other briefs – intended to be filed or submitted to the court be sealed from public view. The motion may be granted upon a showing to the court that good cause exists.

Parties shall not file under seal any motion, memorandum, or other brief in its entirety. To the extent that a motion, memorandum, or brief to the Court contains any "Confidential" or Subject to Protective Order" material, a party may move that the document be filed in redacted form, redacting only the "Confidential" or "Subject to Protective Order" material, and that the unredacted version be filed under seal.

Any folder, envelope or other devise used to seal such documents shall bear the notation "DOCUMENTS UNDER SEAL" and any other information required by S.D. Ohio Civ. R. 79.3(b). Thereafter, the Clerk shall maintain such documents under seal in accordance with the provisions of this Protective Order. In the event that any such document or information is the subject of witness examination at a deposition, hearing, trial, or other proceeding held in connection with this case, it shall be noted on the record that all examination and testimony pertaining thereto shall be considered confidential and the pages of any transcript thereof so designated. Any such "Confidential" or "Subject to Protective Order" material filed under seal shall be accessible to the Court, Plaintiff, Plaintiff's counsel of record, Defendant, and Defendant's counsel of record.

6. Upon final disposition of this Action, all Confidential Materials produced pursuant to this Protective Order and all copies, excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), except for such material which has become part of the record in this action, shall be returned or destroyed as agreed at that time by the person producing the material.

The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this order.

It is specifically ordered by the Court that production of the Confidential Material is not deemed a waiver of the privileged status of the material.

IT IS SO ORDERED.

Magistrate Judge Litkovitz

/s/ Kelly Mulloy Myers
Kelly Mulloy Myers (0065698)
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, Ohio 45202
(513) 721-1975/Fax: (513) 651-2570
kmyers@frekingandbetz.com

Trial Attorney for Plaintiff

/s/ Mark J. Stepaniak (per auth.)
Mark J. Stepaniak (0007758)
Ryan M. Martin (0082385)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838/Fax: (513) 381-0205
stepaniak@taftlaw.com
martinr@taftlaw.com

Trial Attorneys for Defendant